UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACACIA COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE RESEARCH FOUNDATION FOR THE STATE UNIVERSITY OF NEW YORK, <br><br> SUNY POLYTECHNIC INSTITUTE, <br><br> and <br><br> COLLEGE OF NANOSCALE SCIENCE AND ENGINEERING, <br><br> Defendants. | CIVIL ACTION NO.  1:16-CV-1506 (LEK/CFH) |

## COMPLAINT AND JURY DEMAND

Plaintiff Acacia Communications, Inc. ("Acacia" or "Plaintiff") brings this civil action against Defendants The Research Foundation for the State University of New York ("the Foundation"), SUNY Polytechnic Institute ("SUNY Poly"), and the College of Nanoscale Science and Engineering ("CNSE") (collectively "Defendants").

## THE PARTIES

1. Plaintiff Acacia is a Delaware Corporation having a place of business at Three Clock Tower Place, Suite 100, Maynard, MA 01754.

2. Upon information and belief, Defendant Foundation is a private non-profit educational corporation established pursuant to Section 216-a of the New York State Education Law, with its principal offices located at 35 State Street, Albany, New York 12207.

3. Upon information and belief, Defendant CNSE, formerly known as College of Nanoscale Science and Engineering at the University at Albany, is a college of SUNY Poly, with its principal offices located at 257 Fuller Road, Albany, New York 12203.

4. Upon information and belief, Defendant SUNY Poly is a non-profit educational corporation established pursuant to Section 216-a of the New York State Education Law, with its principal offices located at 100 Seymour Road Utica, New York 13502, and is jointly and severally liable for Defendant CNSE's obligations and liabilities.

## JURISDICTION AND VENUE

5. Plaintiff is a Delaware Corporation and Defendants are educational corporations under the laws of the State of New York. Acacia seeks damages for Defendants' failure to perform under a contract entered into with Acacia, damages associated with the Defendants' past disclosure of Acacia's proprietary and confidential information, and injunctive relief associated with the Defendants' ongoing disclosure of such information. Damages and other relief sought herein are in an amount greater than $75,000. As a result, this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Jurisdiction over the state law claims is proper under 28 U.S.C. § 1367.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

## BACKGROUND

7. Acacia is a leader in network technology. Acacia's mission is to deliver high-speed coherent optical interconnect products that transform communications networks, relied upon by cloud infrastructure operators and content and communication

service providers, through improvements in performance and capacity and a reduction in associated costs.

8. In December 2013, Acacia and the Foundation, acting on behalf of CNSE, entered into an agreement titled "Research Agreement" (the "Agreement").

9. The Agreement relates to research and development activities in the area of silicon photonics. By the terms of the Agreement, Acacia approved funding to support a research and development project, which would be conducted and supervised by a principal investigator, Douglas Coolbaugh, at CNSE, pursuant to the Scope of Work ("SOW") incorporated into the Agreement. (Agreement at ¶1).

10. The Agreement contemplates the receipt of confidential information by the parties during the course of the research collaboration. (Agreement at ¶7). Defendants agreed "to hold and maintain all such [confidential] information, whether oral or written, in confidence and not disclose to others, not make copies of it, not use it, except as expressly agreed beforehand by [Acacia]." (Agreement at ¶7(a)).

11. Under the Agreement, Defendants were not permitted to publish the results of research conducted under the Agreement unless, "prior to any publication, or presentation" they provided Acacia "with at least thirty (30) days notice of any proposed publication as well as the full content of that publication for [Acacia's] review." (Agreement at ¶8).

12. Further, under no circumstances did Defendants have any right, under the Agreement, to publish any of Acacia's proprietary and confidential information: "The parties agree that in the event [Acacia] provides written notice to the Foundation that the information proposed to be disclosed or published contains confidential or proprietary

information of [Acacia], the Foundation, CNSE and their personnel shall not publish or disclose the information as proposed and the parties shall negotiate an acceptable version of the proposed disclosure." (Agreement at ¶8).

## **DEFENDANTS' UNAUTHORIZED DISCLOSURE OF PLAINTIFF'S CONFIDENTIAL AND PROPRIETARY INFORMATION**

13. In April 2016, Acacia became aware that CNSE made certain confidential and proprietary information of Acacia's publicly available in violation of the Agreement.

14. Upon information and belief, CNSE disclosed a document entitled "AIM Photonics Design Guide" (the "Guide") to members of the American Institute for Manufacturing Integrated Photonics ("AIM") in anticipation of AIM's First Quarter Project Status Update Meeting on April 14, 2016 ("AIM Meeting").

15. Upon information and belief, the Guide was thereafter presented and made available to any members of AIM or the public attending the AIM Meeting.

16. The Guide expressly references Acacia's confidential and proprietary information.

17. On April 8, 2016, pursuant to Paragraph 8 of the Agreement, Acacia notified CNSE that CNSE had disclosed Acacia's confidential and proprietary information and of Acacia's understanding of CNSE's plan for additional, future disclosures of such information

18. In its April 8, 2016 letter, Acacia also noted that CNSE had failed to provide Acacia of its intent to disclose such information thirty days prior to the proposed disclosure or publication pursuant to Section 8 of the Agreement.

19. Upon information and belief, CNSE refused and failed to cease such publication or to remedy such breach, and continues to disclose Acacia's confidential and proprietary information to members of AIM and the general public.

## PLAINTIFF'S TERMINATION OF THE AGREEMENT

20. On July 28, 2016, Acacia wrote to CNSE regarding CNSE's failure to provide to Acacia certain products it was required to deliver to Acacia under the Agreement and CNSE's refusal to collaborate with Acacia's personnel as mandated by the Agreement.

21. In the July 28, 2016 letter, Acacia notified CNSE, pursuant to Sections 5 and 11 of the Agreement, that Acacia would terminate the Agreement thirty (30) days from the date of the notice because of these deficiencies. (Agreement at ¶5, 11).

22. In the July 28, 2016 letter, Acacia requested that CNSE return the sum of $51,000 for work for which Acacia had paid but that CNSE had failed to perform under the Agreement.

23. Upon termination of the Agreement, CNSE was required to perform certain obligations under the Agreement, including returning to Acacia or destroying any and all items provided to CNSE by Acacia under the Agreement. (Agreement at ¶5).

24. To date, CNSE has not responded to Acacia's July 28, 2016 notification of termination, has upon information and belief failed to comply with its obligations under the Agreement to return or destroy any and all items provided to CNSE by Acacia under the Agreement, and has not provided Acacia with the refund to which it is entitled for CNSE's failure to perform under the Agreement. (Agreement at ¶5).

# COUNT I

**(Breach of Contract- Disclosure of Proprietary & Confidential Information)**

25. The allegations of paragraphs 1-24 are restated and re-alleged as though fully set forth herein.

26. Defendants, as part of the Agreement, undertook not to disclose Acacia's confidential and proprietary information except as expressly agreed by Acacia beforehand.

27. Defendants, as part of the Agreement, undertook to provide Acacia 30 days' notice of any proposed disclosure or publication involving Acacia's proprietary and confidential information.

28. Acacia has fully performed its obligations under the Agreement.

29. Defendants failed to provide Acacia notice of any proposed disclosure of Acacia's confidential and proprietary information pursuant to the Agreement.

30. Defendants disclosed Acacia's proprietary and confidential business information in violation of the Agreement by circulating the Guide to AIM members and by presenting the Guide to those in attendance of the AIM Meeting.

31. By failing to notify Acacia of its proposed disclosure and by disclosing and continuing to disclose Acacia's confidential and proprietary information, Defendants have materially breached their obligations under the Agreement.

32. Defendants' material breaches of the Agreement have proximately caused Acacia to suffer substantial damages, in an amount to be proven at trial.

## COUNT II

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

33. The allegations of paragraphs 1-32 are restated and re-alleged as though fully set forth herein.

34. Implied in the Agreement was a covenant of good faith and fair dealing, pursuant to which the Defendants were obliged to refrain from any acts or conduct which would deny Acacia the receipt and enjoyment of its legitimate expectations flowing from the Agreement.

35. Defendants violated this covenant by materially breaching the contract by, among other things, publicly disclosing Acacia's confidential and proprietary information owned by Acacia and failing to maintain the confidentiality of such information.

36. Defendants' material breach has proximately Acacia to suffer substantial damages, in an amount to be proven at trial.

## COUNT III

### (Breach of Contract – Failure to Perform)

37. The allegations of paragraphs 1-36 are restated and re-alleged as though fully set forth herein.

38. Pursuant to the SOW, incorporated into the Agreements as Appendix A, CNSE was required to deliver six functional wafers to Acacia under Phase II of the project. (Agreement at ¶1, Appendix A).

39. Pursuant to the SOW, CNSE was required to schedule technical meetings with Acacia personnel in order to continue progress on the project set forth in the SOW attached to the Agreement. (Agreement at ¶1).

40. Acacia has fully performed its obligations under the Agreement.

41. Defendants have failed to deliver the six functional wafers to Acacia pursuant to the SOW attached to the Agreement. (Agreement at ¶1).

42. Defendants have failed and/or refused to schedule or hold technical meetings with Acacia personnel in order to continue progress on the project as required by the Scope of Work attached to the Agreement. (Agreement at ¶11).

43. Said failure and refusal constitutes a material breach of the Agreement, which breach has proximately caused Acacia to suffer substantial damages, in an amount to be proven at trial.

## COUNT IV

### (Injunctive Relief)

44. The allegations of paragraphs 1-43 are restated and re-alleged as though fully set forth herein.

45. As alleged above, Defendants have publicly disclosed Plaintiff's confidential and proprietary information in material breach of the Agreement.

46. In addition to this unauthorized disclosure, the Defendants have failed to comply with their obligation to return or destroy Plaintiff's confidential and proprietary information in possession of CNSE upon termination of the Agreement.

47. As a result of Defendants' unauthorized public disclosure and continued retention of Plaintiff's confidential and proprietary information, Plaintiff has suffered, and absent injunctive relief will continue to suffer, damage and injuries to its business, reputation, and good will, for which Plaintiff has no adequate remedy at law.

48. Defendants' conduct has caused and will continue to cause irreparable harm to Plaintiff.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court:

A. Declare that Defendants' unauthorized disclosure of Plaintiff's confidential and proprietary information, failure to provide six functional wafers pursuant to the SOW, failure reimburse Acacia for sums advanced on work that Defendants have not completed, and failure to comply with their obligation to return and/or destroy confidential Acacia materials in their possession violate the Agreement;

B. Order Defendants to remove all of Plaintiff's confidential and proprietary information from their publicly available presentations;

C. Preliminarily and permanently enjoin the Defendants, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from disclosing Plaintiff's confidential and proprietary information without Plaintiff's authorization;

D. Direct Defendants to pay Plaintiff its actual damages for Defendant's breach of the Agreement, including prejudgment and postjudgment interest thereon;

E. Award Plaintiff its attorneys' fees and costs under applicable law; and

F. Award Plaintiff such further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

ACACIA COMMUNICATIONS, INC.

By its attorneys,

Dated: December 19, 2016      s/Lee Palmateer
Lee Palmateer (BRN 509188)
LEE PALMATEER LAW OFFICE LLC
90 State Street
Suite 700
Albany, New York 12207
Tel: (518) 591-4636
Fax: 1-518-677-1886
Email: lee@palmateerlaw.com

Michael A. Albert
malbert@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel: (617) 646-8000
Fax: (617) 646-8646
Email:  Michael.Albert@WolfGreenfield.com
*Attorneys for Plaintiff*