IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACACIA COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE RESEARCH FOUNDATION FOR THE STATE UNIVERSITY OF NEW YORK, <br><br> Defendant | Civil Action No. 1:16-cv-1506 (LEK/CFH) |

## ACACIA COMMUNICATIONS, INC.'S AMENDED COMPLAINT

Plaintiff Acacia Communications, Inc. ("Acacia" or "Plaintiff") brings this civil action against Defendant The Research Foundation for the State University of New York ("the Foundation" or "Defendant").

## THE PARTIES

1. Plaintiff Acacia is a Delaware Corporation having a place of business at Three Clock Tower Place, Suite 100, Maynard, MA 01754.

2. Upon information and belief, Defendant Foundation is a 501(c)(3) non-profit educational corporation, formed under the laws of the State of New York, with its principal offices located at 35 State Street, Albany, New York 12207.

## JURISDICTION AND VENUE

3. Plaintiff is a Delaware Corporation and Defendant is a 501(c)(3) non-profit educational corporation under the laws of the State of New York. Acacia seeks damages for Defendant's failure to perform under a contract entered into with Acacia, damages associated with the Defendant's past disclosure of Acacia's proprietary and confidential information, and

injunctive relief associated with the Defendants' ongoing disclosure of such information. Damages and other relief sought herein are in an amount greater than $75,000. As a result, this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Jurisdiction over the state law claims is proper under 28 U.S.C. § 1367.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

## BACKGROUND

5. Acacia is a leader in network technology. Acacia's mission is to deliver high-speed coherent optical interconnect products that transform communications networks, relied upon by cloud infrastructure operators and content and communication service providers, through improvements in performance and capacity and a reduction in associated costs.

6. In December 2013, Acacia and the Foundation, acting on behalf of and jointly with the College of Nanoscale Science and Engineering ("CNSE"), entered into an agreement titled "Research Agreement" (the "Agreement").

7. The Agreement relates to research and development activities in the area of silicon photonics. By the terms of the Agreement, Acacia approved funding to support a research and development project, which would be conducted and supervised by a principal investigator, Douglas Coolbaugh, at CNSE, pursuant to the Scope of Work ("SOW") incorporated into the Agreement. (Agreement at ¶1).

8. The Agreement contemplates the receipt of confidential information by the parties during the course of the research collaboration. (Agreement at ¶7). Defendant agreed "to hold and maintain all such [confidential] information, whether oral or written, in confidence and not disclose to others, not make copies of it, not use it, except as expressly agreed beforehand by [Acacia]." (Agreement at ¶7(a)).

9. Under the Agreement, Defendant was not permitted to publish the results of

2

research conducted under the Agreement unless, "prior to any publication, or presentation" they provided Acacia "with at least thirty (30) days notice of any proposed publication as well as the full content of that publication for [Acacia's] review." (Agreement at ¶8).

10. Further, under no circumstances did Defendant have any right, under the Agreement, to publish any of Acacia's proprietary and confidential information: "The parties agree that in the event [Acacia] provides written notice to the Foundation that the information proposed to be disclosed or published contains confidential or proprietary information of [Acacia], the Foundation, CNSE and their personnel shall not publish or disclose the information as proposed and the parties shall negotiate an acceptable version of the proposed disclosure." (Agreement at ¶8).

**DEFENDANTS' UNAUTHORIZED DISCLOSURE OF PLAINTIFF'S
CONFIDENTIAL AND PROPRIETARY INFORMATION**

11. In April 2016, Acacia became aware that Defendant, acting jointly with CNSE, made certain confidential and proprietary information of Acacia's, provided pursuant to the Agreement, publicly available in violation of the Agreement.

12. Upon information and belief, Defendant disclosed a document entitled "AIM Photonics Design Guide" (the "Guide") to members of the American Institute for Manufacturing Integrated Photonics ("AIM") in anticipation of AIM's First Quarter Project Status Update Meeting on April 14, 2016 ("AIM Meeting").

13. Upon information and belief, the Guide was thereafter presented and made available to any members of AIM or the public attending the AIM Meeting.

14. The Guide discloses Acacia's confidential and proprietary information, including but not limited to features of Acacia's proprietary silicon photonics technology; disclosures in slide 4 of the Guide of Acacia's proprietary silicon masks, waveguide implants and doping

3

levels; and disclosures in slide 7 of the Guide of Acacia's proprietary photodetector, waveguide and modulator technology.

15. On April 8, 2016, pursuant to Paragraph 8 of the Agreement, Acacia notified Defendant that Defendant had disclosed Acacia's confidential and proprietary information and of Acacia's understanding of Defendant's plan for additional, future disclosures of such information.

16. In its April 8, 2016 letter, Acacia also noted that Defendant had failed to provide Acacia of its intent to disclose such information thirty days prior to the proposed disclosure or publication pursuant to Section 8 of the Agreement.

17. Upon information and belief, Defendant refused and failed to cease such publication or to remedy such breach, and continues to disclose Acacia's confidential and proprietary information to members of AIM and the general public.

## **PLAINTIFF'S TERMINATION OF THE AGREEMENT**

18. On July 28, 2016, Acacia wrote to Defendant regarding Defendant's failure to provide to Acacia certain products and its refusal to collaborate with Acacia's personnel as mandated by the Agreement.

19. In the July 28, 2016 letter, Acacia notified Defendant, pursuant to Sections 5 and 11 of the Agreement, that Acacia would terminate the Agreement thirty (30) days from the date of the notice because of these deficiencies. (Agreement at ¶5, 11).

20. In the July 28, 2016 letter, Acacia requested that Defendant return the sum of $51,000 for work for which Acacia had paid but that Defendant had failed to perform under the Agreement, including but not limited to failure to deliver functional wafers and failure to schedule technical meeting.

21. Upon termination of the Agreement, Defendant was required to perform certain

obligations under the Agreement, including returning to Acacia or destroying any and all items provided to Defendant by Acacia under the Agreement. (Agreement at ¶5).

22. To date, Defendant has not responded to Acacia's July 28, 2016 notification of termination, has upon information and belief failed to comply with its obligations under the Agreement to return or destroy any and all items provided to Defendant by Acacia under the Agreement, and has not provided Acacia with the refund to which it is entitled for Defendant's failure to perform under the Agreement. (Agreement at ¶5).

## COUNT I

**(Breach of Contract- Disclosure of Proprietary & Confidential Information)**

23. The allegations of paragraphs 1-22 are restated and re-alleged as though fully set forth herein.

24. Defendant, as part of the Agreement, undertook not to disclose Acacia's confidential and proprietary information except as expressly agreed by Acacia beforehand.

25. Defendant, as part of the Agreement, undertook to provide Acacia 30 days' notice of any proposed disclosure or publication involving Acacia's proprietary and confidential information.

26. Acacia has fully performed its obligations under the Agreement.

27. Defendant failed to provide Acacia notice of any proposed disclosure of Acacia's confidential and proprietary information pursuant to the Agreement.

28. Defendant disclosed Acacia's proprietary and confidential business information in violation of the Agreement by circulating the Guide to AIM members and by presenting the Guide to those in attendance of the AIM Meeting.

29. By failing to notify Acacia of its proposed disclosure and by disclosing and continuing to disclose Acacia's confidential and proprietary information, Defendant has

materially breached its obligations under the Agreement.

30. Defendants' material breaches of the Agreement have proximately caused Acacia to suffer substantial damages, in an amount to be proven at trial.

## COUNT II

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

31. The allegations of paragraphs 1-30 are restated and re-alleged as though fully set forth herein.

32. Implied in the Agreement was a covenant of good faith and fair dealing, pursuant to which the Defendant was obliged to refrain from any acts or conduct which would deny Acacia the receipt and enjoyment of its legitimate expectations flowing from the Agreement.

33. Defendant violated this covenant by materially breaching the contract by, among other things, publicly disclosing Acacia's confidential and proprietary information owned by Acacia and failing to maintain the confidentiality of such information.

34. Defendant's material breach has proximately Acacia to suffer substantial damages, in an amount to be proven at trial.

## COUNT III

### (Breach of Contract – Failure to Perform)

35. The allegations of paragraphs 1-34 are restated and re-alleged as though fully set forth herein.

36. Pursuant to the SOW, incorporated into the Agreements as Appendix A, Defendant was required to deliver six functional wafers to Acacia under Phase II of the project. (Agreement at ¶1, Appendix A).

37. Pursuant to the SOW, Defendant was required to schedule technical meetings with Acacia personnel in order to continue progress on the project set forth in the SOW attached

to the Agreement. (Agreement at ¶1).

38. Acacia has fully performed its obligations under the Agreement.

39. Defendant has failed to deliver the six functional wafers to Acacia pursuant to the SOW attached to the Agreement. (Agreement at ¶1).

40. Defendant failed and/or refused to schedule or hold technical meetings with Acacia personnel in order to continue progress on the project as required by the Scope of Work attached to the Agreement. (Agreement at ¶11).

41. Said failure and refusal constitutes a material breach of the Agreement, which breach has proximately caused Acacia to suffer substantial damages, in an amount to be proven at trial.

## COUNT IV

### (Misappropriation of Trade Secrets)

42. The allegations of paragraphs 1-41 are restated and re-alleged as though fully set forth herein.

43. The information regarding silicon photonics which Acacia provided Defendant was valuable information known only to Plaintiff and its employees.

44. Acacia has taken reasonable measures to guard the secrecy of its proprietary information which could not be easily acquired or duplicated by other parties.

45. Based on the Agreement, Defendant was aware that Acacia provided them its confidential and proprietary information.

46. Defendant disclosed Acacia's trade secrets without Acacia's knowledge or consent and in direct violation of the Agreement. (Agreement at ¶8).

47. Defendant failed to return Acacia's confidential and proprietary information in any form after being notified of its unauthorized disclosure and Acacia's termination of the

Agreement.

48. Defendant's ongoing unauthorized disclosure and possession of Acacia's trade secrets constitutes misappropriation which proximately caused Acacia to suffer substantial damages, in an amount to be proven at trial.

## COUNT V

**(Injunctive Relief)**

49. The allegations of paragraphs 1-47 are restated and re-alleged as though fully set forth herein.

50. As alleged above, Defendant has publicly disclosed Plaintiff's confidential and proprietary information in material breach of the Agreement.

51. In addition to this unauthorized disclosure, the Defendant has failed to comply with their obligation to return or destroy Plaintiff's confidential and proprietary information in its possession upon termination of the Agreement.

52. As a result of Defendant's unauthorized public disclosure and continued retention of Plaintiff's confidential and proprietary information, Plaintiff has suffered, and absent injunctive relief will continue to suffer, damage and injuries to its business, reputation, and good will, for which Plaintiff has no adequate remedy at law.

53. Defendant's conduct has caused and will continue to cause irreparable harm to Plaintiff.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court:

A. Declare that Defendant's unauthorized disclosure of Plaintiff's confidential and proprietary information, failure to provide six functional wafers pursuant to the SOW, failure reimburse Acacia for sums advanced on work that Defendants have not

completed, and failure to comply with their obligation to return and/or destroy confidential Acacia materials in their possession violate the Agreement;

B. Order Defendant to remove all of Plaintiff's confidential and proprietary information from their publicly available presentations;

C. Preliminarily and permanently enjoin the Defendant, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from disclosing Plaintiff's confidential and proprietary information without Plaintiff's authorization;

D. Direct Defendant to pay Plaintiff its actual damages for Defendant's breach of the Agreement and misappropriation and disclosure of Plaintiff's confidential and proprietary information, including prejudgment and postjudgment interest thereon;

E. Award Plaintiff its attorneys' fees and costs under applicable law; and

F. Award Plaintiff such further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

ACACIA COMMUNICATIONS, INC.

By its attorney,

Dated: January 24, 2017
/s/ Michael Albert_____
Michael A. Albert
malbert@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel: (617) 646-8000
Fax: (617) 646-8646
Email: malbert@wolfgreenfield.com
*Attorney for Plaintiff*

9

## CERTIFICATE OF SERVICE

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF), including:

Amanda Maleszweski
The Research Foundation for
The State University of New York
35 State Street
Albany, NY  12207
(518) 434-7045
Amanda.maleszweski@frsuny.org
*Attorney for Defendants*


Dated: January 24, 2017					/s/Michael A. Albert
							Michael A. Albert