UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ACACIA COMMUNICATIONS, INC.,

                                  Plaintiff,

-against-

THE RESEARCH FOUNDATION FOR
THE STATE UNIVERSITY OF NEW YORK,

                                  Defendant.

**ANSWER TO AMENDED COMPLAINT**

Index No.: 1:16-cv-1506, LEK/CFH

---

Defendant The Research Foundation for The State University of New York ("Foundation"), as and for its Answer to the Amended Complaint filed by Acacia Communications, Inc. ("Plaintiff") dated January 24, 2017, herein states as follows:

1. Foundation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint.

2. Foundation admits the allegations contained in paragraph 2 of the Amended Complaint.

3. Foundation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint, and further states that jurisdiction is a matter of law for the Court to decide.

4. Foundation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint, and further states that venue is a matter of law for the Court to decide.

5. Foundation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint.

6. Foundation denies the allegations contained in paragraph 6 of the Amended Complaint.

7. Foundation admits the allegations contained in paragraph 7 of the Amended Complaint.

8. Foundation denies the allegations contained in paragraph 8 of the Amended Complaint, and refers the Court to the terms of the Agreement.

9. Foundation denies the allegations contained in paragraph 9 of the Amended Complaint, and refers the Court to the terms of the Agreement.

10. Foundation denies the allegations contained in paragraph 10 of the Amended Complaint.

11. Foundation denies the allegations contained in paragraph 11 of the Amended Complaint.

12. Foundation denies the allegations contained in paragraph 12 of the Amended Complaint.

13. Foundation denies the allegations contained in paragraph 13 of the Amended Complaint.

14. Foundation denies the allegations contained in paragraph 14 of the Amended Complaint.

15. Foundation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint.

16. Foundation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint.

17. Foundation denies the allegations contained in paragraph 17 of the Amended Complaint.

18. Foundation denies the allegations contained in paragraph 18 of the Amended Complaint.

19. Foundation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint.

20. Foundation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint.

21. Foundation denies the allegations contained in paragraph 21 of the Amended Complaint, and refers the Court to the terms of the Agreement.

22. Foundation denies the allegations contained in paragraph 24 of the Amended Complaint.

## ANSWERING THE FIRST COUNT

23. With respect to the allegations incorporated by reference in paragraph 23 of the Amended Complaint, Foundation repeats and realleges its responses to all other paragraphs of the Amended Complaint as if fully set forth herein.

24. Foundation denies the allegations contained in paragraph 24 of the Amended Complaint, and refers the Court to the terms of the Agreement.

25. Foundation denies the allegations contained in paragraph 25 of the Amended Complaint, and refers the Court to the terms of the Agreement.

26. Foundation denies the allegations contained in paragraph 26 of the Amended Complaint.

27. Foundation denies the allegations contained in paragraph 27 of the Amended Complaint.

28. Foundation denies the allegations contained in paragraph 28 of the Amended Complaint.

29. Foundation denies the allegations contained in paragraph 29 of the Amended Complaint.

30. Foundation denies the allegations contained in paragraph 30 of the Amended Complaint.

**ANSWERING THE SECOND COUNT**

31. With respect to the allegations incorporated by reference in paragraph 31 of the Amended Complaint, Foundation repeats and realleges its responses to all other paragraphs of the Amended Complaint as if fully set forth herein.

32. Foundation denies the allegations contained in paragraph 32 of the Amended Complaint.

33. Foundation denies the allegations contained in paragraph 33 of the Amended Complaint.

34. Foundation denies the allegations contained in paragraph 34 of the Amended Complaint.

**ANSWERING THE THIRD COUNT**

35. With respect to the allegations incorporated by reference in paragraph 35 of the Amended Complaint, Foundation repeats and realleges its responses to all other paragraphs of the Amended Complaint as if fully set forth herein.

36. Foundation denies the allegations contained in paragraph 36 of the Amended Complaint, and refers the Court to the terms of the Agreement and SOW.

37. Foundation denies the allegations contained in paragraph 37 of the Amended Complaint, and refers the Court to the terms of the Agreement and SOW.

38. Foundation denies the allegations contained in paragraph 38 of the Amended Complaint.

39. Foundation denies the allegations contained in paragraph 39 of the Amended Complaint.

40. Foundation denies the allegations contained in paragraph 40 of the Amended Complaint.

41. Foundation denies the allegations contained in paragraph 41 of the Amended Complaint.

**ANSWERING THE FOURTH COUNT**

42. With respect to the allegations incorporated by reference in paragraph 42 of the Amended Complaint, Foundation repeats and realleges its responses to all other paragraphs of the Amended Complaint as if fully set forth herein.

43. Foundation denies the allegations contained in paragraph 43 of the Amended Complaint.

44. Foundation denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Amended Complaint.

45. Foundation denies the allegations contained in paragraph 45 of the Amended Complaint.

46. Foundation denies the allegations contained in paragraph 46 of the Amended Complaint.

47. Foundation denies the allegations contained in paragraph 47 of the Amended Complaint.

48. Foundation denies the allegations contained in paragraph 48 of the Amended Complaint.

## ANSWERING THE FIFTH COUNT

49. With respect to the allegations incorporated by reference in paragraph 49 of the Amended Complaint, Foundation repeats and realleges its responses to all other paragraphs of the Amended Complaint as if fully set forth herein.

50. Foundation denies the allegations contained in paragraph 50 of the Amended Complaint.

51. Foundation denies the allegations contained in paragraph 51 of the Amended Complaint.

52. Foundation denies the allegations contained in paragraph 52 of the Amended Complaint.

53. Foundation denies the allegations contained in paragraph 53 of the Amended Complaint.

## AS TO THE UNNUMBERED SECTION ENTITLED "RELIEF REQUESTED"

54. Foundation denies the allegations contained in the unnumbered section of the Amended Complaint entitled "RELIEF REQUESTED" and expressly denies that Plaintiff has any right to relief against Foundation.

55. Foundation denies all other allegations contained in the Amended Complaint not expressly admitted herein.

## AS AND FOR A FIRST DEFENSE

56. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND DEFENSE**

57. Plaintiff's claims are barred by the doctrines of unclean hands, laches, estoppel, ratification and/or waiver.

**AS AND FOR A THIRD DEFENSE**

58. Plaintiff's claims are barred by its own bad faith and/or misrepresentations.

**AS AND FOR A FOURTH DEFENSE**

59. Any damages allegedly sustained by Plaintiff were caused by Plaintiff's own actions/inactions, its negligence, or other culpable conduct.

**AS AND FOR A FIFTH DEFENSE**

60. Any damages allegedly sustained by Plaintiff were caused by the conduct or intervening or superseding conduct of third parties.

**AS AND FOR A SIXTH DEFENSE**

61. Plaintiff has failed to mitigate or otherwise act to lessen or reduce its alleged damages.

**AS AND FOR A SEVENTH DEFENSE**

62. Foundation's actions were not the proximate cause or cause in fact of any alleged injury to or alleged loss by Plaintiff.

**AS AND FOR AN EIGHTH DEFENSE**

63. All actions taken by Foundation with respect to any matters alleged in the Amended Complaint were taken in good faith and in accordance with established industry practice and in accordance with state and federal statutory regulations.

## AS AND FOR A NINTH DEFENSE

64. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has released, settled, entered into an accord and satisfaction, or otherwise compromised any of its claims asserted herein.

## AS AND FOR A TENTH DEFENSE

65. Plaintiff's claims are barred by the doctrine of express and implied waiver, mistake, and/or mutual mistake.

## AS AND FOR AN ELEVENTH DEFENSE

66. Foundation intends to rely upon any other additional defense that is now or may become available or appear during, or as the result of, the discovery proceedings in this action, or any developments in constitutional, statutory, administrative, regulatory or decisional law, and hereby expressly reserves its right to amend its Answer to assert such a defense.

WHEREFORE, Foundation demands judgment:

(a) dismissing the Amended Complaint with prejudice;

(b) awarding Foundation its attorneys' fees, costs and disbursements incurred in this action; and

(c) such other and further relieve as this Court deems just, proper and equitable.

DATED: Albany, New York  THE RESEARCH FOUNDATION FOR
February 6, 2017  THE STATE UNIVERSITY OF NEW YORK

By: /s/ Amanda Maleszweski
Amanda Maleszweski
(Bar Roll No. 516038)
*The Research Foundation for*
*The State University of New York*
35 State Street

Albany, New York 12207
Tel.: (518) 434-7045
amanda.maleszweski@rfsuny.org

NIXON PEABODY LLP
Andrew C. Rose, Esq.
677 Broadway, 10th Floor
Albany, New York 12207-2996
Tel.: (518) 427-2650
acrose@nixonpeabody.com

*Attorneys for Defendant*

To: LEE PALMATEER LAW OFFICE LLC
Lee Palmateer, Esq.
90 State Street, Suite 700
Albany, New York 12207
Tel.: (518) 591-4636
lee@palmateerlaw.com

WOLF, GREENFIELD & SACS, P.C.
Michael A. Albert, Esq.
Austin Lee Steelman, Esq.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: (617) 646-8000
Michael.Albert@wolfgreenfield.com
Austin.Steelman@WolfGreenfield.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of this document was served electronically upon all counsel of record in the above-captioned matter through the Court's ECF system on February 6, 2017.

By: /s/ Amanda Maleszweski