

**Michael A. Albert**
malbert@wolfgreenfield.com
direct dial 617.646.8240

August 18, 2017

<u>VIA ECF</u>

Hon. Christian F. Hummel, U.S. Magistrate Judge
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207

      Re:    *Acacia Communications, Inc. v. The Research Foundation for the State University*
              *of New York et al*
              Civil Action No. 1:16-cv-01506-LEK-CFH
              <u>Conference Request</u>

Dear Judge Hummel:

      Pursuant to Local Rule 7.1(d), Plaintiff Acacia respectfully requests the Court's assistance in resolving a dispute regarding the production of AIM Photonics Design Guides and identification of the versions of the Design Guide sent to each identified recipient.

      The parties exchanged written correspondence and met telephonically several times in an attempt to resolve this dispute including, most recently, a telephonic conference on August 18th, but were unable to reach a resolution.

      Acacia waited for over three months for RFSUNY to provide responses to Acacia's First Set of Interrogatories and Second Set of Requests for Production and to produce specific documents responsive to Acacia's Second Set of Requests for Production.  RFSUNY's August 14, 2017 Responses to Acacia's Second Set of Requests for Production and August 17, 2017 Responses to Acacia's First Set of Interrogatories included objections that RFSUNY has waived by its lengthy and unjustified delay in responding.  Moreover, those responses, even when made, were incomplete.  Acacia therefore presently seeks a small handful of discrete documents that lie at the core of this dispute ("AIM Photonics Design Guides") and that RFSUNY has promised, but failed, to produce. Those documents are undisputedly responsive to the long-overdue discovery requests.  Despite exercising considerable patience in trying to resolve this dispute, Acacia has now reached the point where the matter requires the Court's intervention, to compel



Hon. Christian F. Hummel
August 18, 2017
Page 2

RFSUNY to provide a complete response to Acacia's Interrogatory No. 3 and produce all versions of the AIM Photonics Design Guide.

According to the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to any party's claim or defense . . . ." Fed.R.Civ. P. 26(b)(l).

RFSUNY has waived any potential objections to Acacia's discovery requests by its severe delay in responding. Objections to interrogatories or documents requests not made in a timely fashion according to Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2), within 30 days of service, are waived absent good cause. *See, e.g., Jones v. Goord*, No. 9:05-Ccv-1438, 2007 WL 4377784, *2 (N.D.N.Y. 2007) (objections waived for untimely responses to interrogatories); *Hynes v. Kirkpatrick*, No. 9:05-cv-0380, 2007 WL 2286413, *2 (N.D.N.Y. 2007) (objections waived for untimely responses to document requests). RFSUNY can show no good cause for its lengthy and unexplained delays, particularly given the very discrete set of documents sought herein (basically just a small handful of Design Guides and related documents reflecting their use or circulation), and has therefore waived all objections to Acacia's First Set of Interrogatories and Second Set of Requests for Production.

Despite its waiver, both RFSUNY's August 14, 2017 responses to Acacia's Second Set of Requests for Production and its August 17, 2017 responses to Acacia's First Set of Interrogatories purported to include a set of general objections as well as specific objections to all but one of the interrogatories. Acacia respectfully requests that the Court declare these objections waived.

Additionally, RFSUNY's response to Acacia's Interrogatory No. 3 is incomplete. Acacia asked RFSUNY to identify persons who received any draft or version of the AIM Photonics Design Guide and identify which draft or version each of those persons received. In its response, RFSUNY identified certain persons incompletely (by name but not company or other organization), and did not disclose which draft or version of the Guide each had received. RFSUNY should be ordered to provide a complete response to Acacia's Interrogatory No. 3 forthwith.

Finally, at the very core of this case lie the AIM Photonics Design Guides – the very documents alleged to contain Acacia's trade secrets, and which RFSUNY now admits having distributed to multiple third parties. The threshold for discoverability is low – a document need not even be relevant or admissible as long as it is likely to lead to the discovery of admissible evidence. Yet these documents are themselves actually highly relevant – indeed, key – to the case. They are the very instrumentalities by which RFSUNY is alleged to have engaged in trade secret misappropriation. While RFSUNY has denied any such acts, the merits of the case are not



Hon. Christian F. Hummel
August 18, 2017
Page 3

now before the Court but solely issues of discovery and production of documents. During one discussion between counsel, RFSUNY indicated that it would produce the Design Guides, and related documents, subject to the Court's protective order. The Court has long-since entered a protective order in this case several months ago (on March 9, 2017). D.I. No. 28. Accordingly, RFSUNY's delay cannot be justified by the need to wait for such an order to enter.

In sum, RFSUNY has failed to provide clearly relevant and responsive documents, readily available to it. Acacia has specifically requested these documents and explained their centrality to the parties' dispute on several occasions. These documents are responsive to at least Acacia's Request Nos. 7 and 8. RFSUNY neither explained its delays in production nor provided any justification for not providing them – indeed, it said it would. But it has not.[1]

Acacia has now been waiting over four months since its April 5, 2017 Requests. RFSUNY should be ordered to produce this limited set of documents forthwith. Discovery is ongoing and more substantive electronic productions (using custodians and search terms) are being negotiated by the parties. Acacia does not (at least at this time) need Court intervention with respect to those, as it remains hopeful that process will proceed more smoothly and expeditiously. At this time, however, RFSUNY should be ordered to produce all versions of the AIM Photonics Design Guides, and related documents regarding their use, circulation, or distribution, forthwith. Doing so is both required by the Rules of Civil Procedure and, it is hoped, may provide the parties some guidance in seeking an ultimate resolution.

Respectfully submitted,

WOLF, GREENFIELD & SACKS, P.C.

_/s/ Michael Albert_
Michael. A. Albert

---

[1] Even if RFSUNY had not waived its objections to Acacia's document requests through its failure to timely respond, its stated objections to Acacia's Request Nos. 7 and 8 are in any event groundless. RFSUNY objects to Acacia's Request No. 7 for all "documents, communications, and things related to the February 17, 2016 Draft AIM Photonics Design Guide" claiming that such documents "contain information beyond the scope of any issue relevant to this action." In fact, the Design Guide in question is the precise document that Acacia claims discloses its proprietary technology, and RFSUNY has not shown how these documents fail to meet the low bar for discoverability. That a document might contain some irrelevant materials – which would be true of virtually all documents produced in any litigation – is not a basis for refusal to produce the document during discovery. Should Acacia seek to introduce into evidence some irrelevant portion, there would of course be ample opportunity for RFSUNY to raise that issue; the sole issue here is discovery. RFSUNY's identical objection to Acacia's Request No. 8 for documents related to other versions of the AIM Photonics Design Guide is similarly groundless.



Hon. Christian F. Hummel
August 18, 2017
Page 4

Austin L. Steelman
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Tel: (617) 646-8000
Fax: (617) 646-8646
Email: malbert@wolfgreenfield.com

Lee Palmateer, Esq.
LEE PALMATEER LAW OFFICE LLC
90 State Street, Suite 700
Albany, New York 12207
Tel.: (518) 591-4636
Email: lee@palmateerlaw.com

*Attorneys for Plaintiff*



Hon. Christian F. Hummel
August 18, 2017
Page 5

### CERTIFICATE OF SERVICE

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF), including:

Amanda Maleszweski
The Calareso Law Firm, PLLC
255 Washington Avenue, Suite 101
Albany, New York 12205
Tel.: 518-213-8181
AAM@calaresolaw.com

Andrew C. Rose
Nixon, Peabody Law Firm-Albany Office
677 Broadway 10th Floor
Albany, New York 12207
Tel.: (518) 427-2650
acrose@nixonpeabody.com

/s/ Michael Albert
Michael A. Albert