

Amanda Maleszweski
aam@calaresolaw.com

August 21, 2017

**VIA ECF FILING**

Hon. Christian F. Hummel
U.S. Magistrate Judge
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

      Re:    ***Acacia Communications, Inc. v. The Research Foundation for The State University of New York***; Civil Action No.: 1:16-cv-01506 (LEK/CFH)

Dear Judge Hummel:

      This office represents Defendant The Research Foundation for The State University of New York ("Foundation") in connection with the above-reference matter. Please accept this letter in response to the request filed by Plaintiff Acacia Communications, Inc. ("Acacia") on Friday August 18, 2017, seeking this Court's intervention in resolving certain discovery disputes.

      The parties participated in a mediation session with Magistrate Judge Randolph Treece on May 16, 2017. Additionally, on May 31, 2017, the parties again met in Boston, MA to continue their settlement negotiations. As a result of the mediation and settlement conference, the parties have been actively exchanging draft settlement language since June 2, 2017. Because of the highly technical nature of the dispute, counterproposals have taken substantial time and effort to craft. Nonetheless, the Foundation has diligently engaged in these settlement negotiations, expending considerable time and effort of multiple employees to move towards an amicable resolution of the litigation.

      Despite the parties' optimistic efforts to achieve a global resolution of the issues, counsel for both parties recently conferred and agreed to move forward with full discovery in light of the aggressive discovery schedule in place. Accordingly, the Foundation contends that Plaintiff's motion is premature as the parties only recently agreed to reactivate broad discovery in this matter and because the parties continue to constructively work towards a resolution of the case.

      Additionally, Acacia's characterization of the Foundation's non-compliance with its discovery obligations in this matter is wholly inaccurate and, moreover, concerning. In March, Acacia served the Foundation with its First Set of Requests for Production, seeking 21 documents. The Foundation thereafter responded and produced all of the requested documents. On April 5, 2017, Acacia served its Second Set

of Requests for Production and First Set of Interrogatories. During a telephone conference on April 13, 2017, counsel for the Foundation and Acacia discussed and agreed that the parties would generally defer undertaking the task of formulating responses to the outstanding discovery demands pending the mediation and additional informal settlement discussions – upon the theory that those exercises would obviate the need to engage in broader discovery. At no time did the Foundation waive its numerous general and specific objections to Acacia's document demands or interrogatories. Furthermore, written responses to both requests have been served on Acacia.

Moreover, Acacia's own compliance with its discovery obligations to date has been deficient. To date, Acacia has produced only nine (9) documents in connection with this litigation to support its claims – none of which demonstrate when or the circumstances surrounding how it conceived of the disputed technology. Acacia has produced virtually nothing demonstrating its ownership of the technology features it claims in this litigation, and further it has neglected to confirm or deny whether it has more documentary evidence beyond what it has already produced. Indeed, Acacia's May 5, 2017 responses to the Foundation's interrogatories and requests for productions are woefully inadequate and incomplete. Acacia used boilerplate, rote objections in almost every response and in most, it objected to producing information that it characterizes as "confidential business information, trade secrets, or other proprietary information…" Acacia cannot complain about the Foundation's purported failure to produce certain highly confidential information contained within its proprietary state-of-the-art design guides, while at the same time refusing to produce any documentary evidence or other information detailing that the technical features upon which it claims ownership were first created by Acacia.

Further, Acacia's responses clearly violate the terms and intent of the 2015 amendments to the Federal Rules of Civil Procedure, specifically Rule 34. As this Court is aware, the amendments to Rule 34 were enacted, among others, to avoid boilerplate responses, to avoid responses that fail to articulate whether the producing party is withholding any documents, and to avoid responses that do not indicate when the producing party will provide responsive documents, if any even exist. Instead, Rule 34(b)(2)(c) requires that if Acacia objects to a discovery request, it must "state whether any responsive materials are being withheld on the basis of that objection." To date, Acacia has failed to do so. Certainly, the Foundation is entitled to know whether or not Acacia has custody and control of any documentary evidence demonstrating that it in fact conceived of the technological features claim as its own. Also, Rule 34(b)(2)(B) requires that Acacia's response indicate, within a reasonable time, when the production of responsive materials will be made. Again, to date, Acacia has not done so.

However, based upon the parties' continued efforts to resolve the litigation, the Foundation has not yet drafted a deficiency letter or sought to engage this Court's assistance in resolving the same. The Court's intervention in this matter is premature and unnecessary at this time. The parties have conferred and prioritized their requests for documents. Additionally, as the Foundation has repeatedly represented to Acacia, it has been diligently working to compile the requested technical design guides, determine their relevancy to the instant litigation and will be producing those responsive documents in accordance with the Confidentiality Order in place. If this Court determines that a conference would be beneficial in resolving these pending discovery disputes between the parties, I respectfully request that such a conference not be scheduled between August 28 - September 4, 2017, as I will be out of town on a previously scheduled vacation.

Thank you for your time and consideration of this issues.

Respectfully submitted,

**THE CALARESO LAW FIRM, PLLC**

*[signature]*