

Michael A. Albert
malbert@wolfgreenfield.com
direct dial 617.646.8240

August 22, 2017

VIA ECF

Hon. Christian F. Hummel, U.S. Magistrate Judge
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207

    Re:    *Acacia Communications, Inc. v. The Research Foundation for the State University of New York et al*
           Civil Action No. 1:16-cv-01506-LEK-CFH
           Response to RFSUNY's August 21, 2017 Response Letter

Dear Judge Hummel:

    Plaintiff Acacia respectfully writes to correct several misstatements contained in Defendant RFSUNY's August 21, 2017 response to Acacia's August 18, 2017 letter requesting the Court's intervention in resolving a discovery dispute.

    First, RFSUNY writes that in an April 13, 2017 telephone conference, counsel "agreed that the parties would generally defer undertaking the task of formulating responses to the outstanding discovery demands pending the mediation and additional informal settlement discussions." RFSUNY is *correct* that the parties agreed to postpone full-scale discovery (e.g. via ESI) pending mediation and settlement discussions. For this reason, Acacia has not requested the Court's intervention to compel production of all documents responsive to its discovery requests, but rather just the small handful of materials critical to its assessment and potential resolution—the Design Guides—which RFSUNY agreed to provide but inexplicably has not.

    The parties also did <u>not</u> agree to postpone serving written responses to discovery requests. Acacia produced its written responses to RFSUNY's April 5, 2017 discovery requests on May 5, 2017. RFSUNY did not provide written responses to Acacia's discovery requests, served the same day, until three months later—ignoring Acacia's May 9, 2017 email reminding them that responses were overdue, as well as subsequent reminders. Since there was no

600 Atlantic Avenue, Boston, MA 02210  |  405 Lexington Avenue, New York, NY 10174
617.646.8000  |  212.697.7890
www.wolfgreenfield.com



Hon. Christian F. Hummel
August 22, 2017
Page 2

agreement to withhold written responses, RFSUNY has waived any objections by its unreasonable delay.

Waiver aside, RFSUNY has in any event not articulated any cognizable objection to producing the AIM Photonics Design Guide (particularly as a protective order is already in place). RFSUNY misleadingly suggests that it is not obligated to produce the AIM Photonics Design Guides absent full-scale ESI production. But in fact, the parties agreed to exchange key documents prior to the mediation to enable the parties to seek a resolution. Acacia produced specific documents RFSUNY requested before the parties' May 16, 2017 mediation. Acacia, in turn, requested all drafts and versions of the AIM Photonics Design Guides, at least one version of which contains its trade secrets. RFSUNY did not produce these in advance of the parties' mediation, did not produce them in advance of the parties' May 31, 2017 settlement meeting, and still has not produced them to date despite Acacia's repeated requests over the course of the past four months, and despite RFSUNY's repeated statements that it "will" do so. Countless requests, reminders, and efforts to avoid bringing this matter to the Court were met with stonewalling. RFSUNY's letter does more of the same.

RFSUNY's claim that it has "diligently" worked to produce the requested Design Guides is disingenuous. There is no discernible diligence in RFSUNY's failure to produce a small handful of readily-identifiable documents first officially requested well over four months ago and informally requested even earlier.[1] RFSUNY's August 21, 2017 letter does not deny Acacia's repeated requests for the Design Guides over the course of the last four months and even states that RFSUNY has "repeatedly represented" that it will produce those documents. If RFSUNY were in fact "diligent" in doing so, the Court's intervention could have been avoided. Even in its letter to the Court, RFSUNY still has not committed to a date certain by which it will produce the Design Guides. These documents are crucial for the parties' ability to reach a resolution and failing to produce them unnecessarily creates an obstacle in the settlement process.

RFSUNY should forthwith (within three days) produce all drafts and versions of the AIM Photonics Design Guide.

---

[1] Relatedly, RFSUNY cannot in good faith suggest that it has "diligently" engaged in settlement negotiations. Even though Acacia provided three settlement proposals, RFSUNY's lone settlement proposal was provided over two months ago, and RFSUNY has failed to respond to Acacia's most recent settlement proposal provided on August 1, 2017.



Hon. Christian F. Hummel
August 22, 2017
Page 3

                Respectfully submitted,

                WOLF, GREENFIELD & SACKS, P.C.

                */s/ Michael Albert*
                Michael. A. Albert
                Austin L. Steelman
                WOLF, GREENFIELD & SACKS, P.C.
                600 Atlantic Avenue
                Boston, MA 02210
                Tel: (617) 646-8000
                Fax: (617) 646-8646
                Email: malbert@wolfgreenfield.com

                Lee Palmateer, Esq.
                LEE PALMATEER LAW OFFICE LLC
                90 State Street, Suite 700
                Albany, New York 12207
                Tel.: (518) 591-4636
                Email: lee@palmateerlaw.com

                *Attorneys for Plaintiff*



Hon. Christian F. Hummel
August 22, 2017
Page 4

## CERTIFICATE OF SERVICE

     I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF), including:

Amanda Maleszweski
The Calareso Law Firm, PLLC
255 Washington Avenue, Suite 101
Albany, New York 12205
Tel.: 518-213-8181
AAM@calaresolaw.com

Andrew C. Rose
Nixon, Peabody Law Firm-Albany Office
677 Broadway 10th Floor
Albany, New York 12207
Tel.: (518) 427-2650
acrose@nixonpeabody.com

                                      */s/ Michael A. Albert*
                                      Michael A. Albert